**Elaine L. WILLIAMS, Petitioner,**

v.

**DEPARTMENT OF THE TREASURY, Respondent.**

No. 00–3413.

United States Court of Appeals, Federal Circuit.

Feb. 7, 2001.

Before SCHALL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and GAJARSA, Circuit Judge.

## DECISION

PER CURIAM.

Elaine L. Williams petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed her removal from employment with the Department of Treasury, Internal Revenue Service ("IRS" or "agency") based upon absences without leave and failure to report taxable income. *Williams v. Dep't of the Treasury*, CH–0752–00–0256–I–1 (June 23, 2000). The initial decision of the administrative judge, which followed a hearing, became the final decision of the Board when Ms. Williams failed to file a petition for review. We *affirm*.

## DISCUSSION

### I.

Ms. Williams was employed by the IRS as a GS–11 Revenue Officer in the Collection Division of the Illinois District. On January 8, 1998, the IRS informed her by letter that she was being placed on a restricted leave status for six months due to concerns regarding her abuse of annual leave and sick leave. Under the restricted leave status, Ms. Williams was required to obtain advanced approval for any leave, except in instances when her absence was unexpected. She also was required to provide acceptable medical documentation for any leave taken for medical reasons, regardless of duration. The letter informed Ms. Williams that failure to adhere to the requirements of her restricted leave status could result in charges of "absence without leave" ("AWOL") with loss of pay. The letter further informed Ms. Williams that AWOL charges could serve as the basis for future disciplinary actions, "up to and including removal from the Service." After the completion of the six month period, the IRS placed Ms. Williams on restricted leave status for an additional six months because she had accrued an unacceptable number of AWOL hours through unapproved absences. The IRS reiterated to Ms. Williams that, if she failed to comply with the requirements of her restricted leave status, she could be subject to future disciplinary action, including removal from the agency.

In an unrelated matter, Ms. Williams was informed by letters dated June 25, 1998, August 14, 1998, and February 22, 1999, that the IRS was concerned that she had failed to report all of her taxable

income in 1995, in violation of the Office of Government Ethics Standards of Ethical Conduct, Subpart A, Section 2635.101(b)(12) and Subpart H, Section 2635.809.

Following an oral hearing, on November 30, 1999, the IRS informed Ms. Williams that she was being removed from her position as Revenue Officer based upon charges of 402 hours of AWOL and failure to report all taxable income. The agency stated that Ms. Williams' medical documentation was insufficient to support the excessive AWOL, and that the tax documents she had presented at the hearing did not substantiate her claim that she had accurately prepared her 1995 tax return. In light of the fact that she had received counseling and two consecutive leave restriction letters regarding her attendance, as well as the fact that, as a Revenue Officer, she had sufficient knowledge of how to prepare her tax return, the agency removed Ms. Williams based upon both charges, effective December 11, 1999.

Ms. Williams filed an appeal with the Board on January 11, 2000. The administrative judge sustained the AWOL charge, concluding that none of the medical evidence presented by Ms. Williams could support 402 hours of AWOL for unapproved absences. The administrative judge also concluded that Ms. Williams had not complied with the leave restriction letters because she had failed to provide medical evidence explaining the nature and duration of the incapacitation that allegedly caused her to be absent from work.

As to the charge of failure to report all taxable income, Ms. Williams testified before the administrative judge that she was employed part time in 1995 with a real estate company. The administrative judge found that, while she reported all of her expenses from that employment, she failed to report income of $4,777, the resulting

tax liability for which ($644) was not paid until more than one year after it was due. The administrative judge noted that "[t]he failure of an IRS employee charged with enforcing tax laws, such as appellant, to pay her own taxes has a deleterious effect on the efficiency of the service and constitutes a basis for disciplinary action." Having found that both charges were supported by a preponderance of the evidence, the administrative judge upheld the agency's removal action.

II.

Our scope of review of the Board's decision is limited by 5 U.S.C. § 7703(c). Under that statute, we must affirm the decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. *Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed. Cir.1995). The Board's decision in this case is none of these.

Ms. Williams argues that the administrative judge failed to consider the testimony of Dr. Leonard Silverman in determining whether her absences were excusable. However, the administrative judge reviewed Dr. Silverman's testimony that Ms. Williams had problems sitting or standing, and considered his diagnosis that Ms. Williams suffered from strain of the lumbar spine. After reviewing the evidence, the administrative judge concluded that "[n]one of the above medical evidence contains objective findings showing the appellant was unable to perform the sedentary duties of her position for any of the 402 hours of her absence.... The appellant did not provide medical evidence explaining the nature and duration of her incapacitation

from duty, as required by the leave restriction letters."

Ms. Williams argues that the administrative judge failed to consider the testimony of Angela Walker, an IRS secretary, that Stephanie Browne, Acting Branch Chief, initially recorded certain of Ms. William's absence⁻ as leave without pay ("LWOP") and later changed them to AWOL. The administrative judge, however, acknowledged Ms. Browne's testimony that she made the change after Ms. Williams failed to provide acceptable medical documentation to explain her absences. In that regard, the administrative judge stated, "[A]n agency may change LWOP to AWOL after it ultimately determines the appellant was in fact AWOL," and he cited *Scorcia v. United States Postal Serv.*, 78 M.S.P.R. 588, 591 (1998), in support of the proposition.

Ms. Williams asserts that the administrative judge erred in finding that she had failed to report all of her taxable income for 1995 because she filed a Schedule C with her 1995 federal tax return that, according to Ms. Williams, indicated that she "was claiming income/expenses of my outside employment." However, after reviewing the documentary evidence, the administrative judge found that Ms. Williams had reported her expenses from her work outside of the agency as a loss, but that she had failed to report the money she received from the same work as income. This finding is supported by substantial evidence.

Finally, the administrative judge found that, although Ms. Williams had a "lengthy employment history and no active past disciplinary history," the magnitude of the charges warranted her removal from service. The appropriate penalty for an instance of employee misconduct is a matter within the discretion of the agency. *Schapansky v. Dep't of Transp.*, 735 F.2d 477,

484 (Fed.Cir.1984) ("Determination of the appropriate penalty is a matter committed primarily and largely to the discretion of the employing agency."). Under the circumstances of this case—Ms. Williams having accumulated 402 hours of AWOL while on restricted leave and her having failed to report income while she was employed as a Revenue Officer, we cannot say that the agency abused its discretion in imposing the penalty of removal. We reject Ms. Williams' argument to the contrary.

For the foregoing reasons, the decision of the Board is affirmed.

Each party shall bear its own costs.